C. J. INGRAM AND WIFE, BERNICE INGRAM, AND THE MECHANICS AND
    FARMERS BANK, A CORPORATION, v. THE HOME MORTGAGE COM-
    PANY, MORTGAGE SERVICE CORPORATION, AND V. S. BRYANT,
    SUBSTITUTED TRUSTEE.

(Filed 26 June, 1935.)

1. **Mortgage H b—Restraining order is properly dissolved upon finding
   that balance was due and unpaid on debt, and that no tender had
   been made.**

   Where, upon the hearing of a temporary order restraining the fore-
   closure of a deed of trust upon allegations of usury, and that the full
   amount of the debt had been paid, and that plaintiff was entitled to re-
   cover a certain sum as the penalty for usury, the trial court finds that
   there is a balance due and unpaid on the debt, and that no tender of any
   amount had been made defendant on the past-due balance, judgment that
   the temporary order be dissolved and that the trustee foreclose the prop-
   erty is supported by the findings of fact, and an exception to the judgment
   cannot be sustained.

2. **Appeal and Error F b—**

   Where appellant requests no findings of fact, his exception to the find-
   ings of fact without specific exception to any particular finding cannot be
   sustained on appeal.

CIVIL ACTION, before *Moore, Special Judge,* at January Civil Term,
1935, of DURHAM.

The plaintiff alleged that in September, 1927, Mason Kearney and
wife, who were the owners of the land in controversy, borrowed from
the defendant Mortgage Company $1,900 and executed and delivered
a deed of trust securing the same, and that thereafter Kearney and wife
conveyed the land to the plaintiff, subject to said deed of trust, which
constituted a first lien upon the property. Plaintiff further alleged
that approximately $1,558.69 has been paid on the indebtedness, and
that no default had occurred. Plaintiff further alleged that there was
usury in the transaction, and that they are entitled to recover $190.00
penalty therefor. It was further alleged that the trustee has adver-
tised the property for sale by virtue of the power in said deed of trust
contained, and thereupon the plaintiff prayed an injunction restraining
said sale, pending the litigation.

The defendants filed answers denying the allegations of the complaint
with respect to usury, and that the indebtedness was not in default.

The cause was submitted to the trial judge, who found the following
facts:

"That on or about 15 September, 1927, one Mason Kearney and wife,
. . . negotiated a loan through the Home Mortgage Company in the
amount of $1,900, . . . and executed and delivered a deed of trust

which was recorded in the office of the register of deeds for Durham County. . . . It is further found that the plaintiff C. J. Ingram purchased the land described in the aforementioned deed of trust, and that the legal title to said property is now in him, subject to said deed of trust; that there has been paid on said indebtedness of $1,900 approximately $1,558.69, and that the balance of said debt, with interest thereon, is past due and unpaid, and that neither Mason Kearney and his wife, nor the plaintiff, nor any of them, have offered to pay or tendered to the defendant any amount whatsoever in satisfaction of the balance due and owing on said note and deed of trust. . . . Now, therefore, it is considered, ordered, and adjudged and decreed that the said restraining order heretofore signed . . . be and the same is hereby dissolved, and that V. S. Bryant, substituted trustee, is hereby authorized, directed, and empowered to advertise said property and sell the same," etc.

The appeal entry is as follows: "To the signing of the foregoing order the plaintiff objects and excepts, and gives notice in open court of the appeal to the Supreme Court of North Carolina."

Two exceptions appear in the record:

First, "plaintiffs object and except to the rendition of judgment dissolving temporary restraining order and the signing of said judgment by his Honor."

Second, "to the finding and signing of the order of the finding of facts."

*C. J. Oates for plaintiffs.*
*Fuller, Reade & Fuller for defendants.*

BROGDEN, J. The first exception is to the judgment itself. This judgment is regular upon its face, and the facts found by the trial judge are sufficient to support the decree. Consequently, the first exception must fail. *Warren v. Bottling Co.,* 207 N. C., 313; *Moreland v. Wamboldt, ante,* 35.

The second exception is "to the finding and signing of the order of the findings of facts." It is to be observed that the plaintiff requested no finding of facts, and there is no specific exception to any particular finding of fact. Obviously, some of the findings of fact are necessary and beyond question. The Court is not endowed with the gift of prophecy, and, therefore, is unable to determine which particular finding of fact is objectionable to the plaintiff.

Hence, the second exception must likewise fail.

Affirmed.